UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEANDRE DAVIS (#697681),

                    CASE NO. 2:11-CV-15262
    Plaintiff,    JUDGE ARTHUR J. TARNOW
                    MAGISTRATE JUDGE ANTHONY P. PATTI

v.

JOMAINE BRAGG,[1]

    Defendant,
                                  /

## ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY
## (Doc. Ent. 35)

**A.    Background**

LeAndre Davis (#697681) is currently incarcerated at the Michigan Department of Corrections (MDOC) Chippewa Correctional Facility (URF) in Michgian's Upper Peninsula, where he is serving a sentence imposed on December 11, 2009 in Case No. 08-005742-01-FH (Wayne County). *See* www.michigan.gov/corrections, "Offender Search."

On November 30, 2011, while incarcerated at the MDOC's Earnest C. Brooks Correctional Facility (LRF), Davis filed the instant prisoner civil rights complaint, *pro se*, against Officer Braggs, who is described as a Wayne County Jail

---

[1]Although the complaint describes defendant as "Officer Braggs," it appears defendant's name is Jomaine Bragg. Compare DE 1 at 1, DE 22 at 1.

(WCJ) guard. Doc. Ent. 1. The facts underlying Plaintiff's complaint concern events which allegedly occurred while Davis was a pretrial detainee at WCJ. *See* Doc. Ent. 1 at 4-5.[2]

By way of the Court's October 2, 2014 order, the discovery deadline was extended to October 30, 2014, and the dispositive motion deadline was extended to November 30, 2014. Doc. Ent. 34.

## B.     Instant Motion

Judge Tarnow referred this case to Magistrate Judge Komives for pretrial matters. DE 18. On January 13, 2015, this case was reassigned from Magistrate Judge Komives to me.

Currently before the Court is Plaintiff's November 4, 2014 motion for discovery. DE 35. By this motion, Plaintiff seeks:

1.  Inmate housing list for both South and North housing blocks in [WCJ] on the floor Defendant Jomaine Bragg was stationed on November 28, 2009.

2.  Copy of [WCJ] Mission Statement.

3.  A complete copy of Wayne County Internal Affairs Investigation report that was a[c]quired by [defense] counsel when Plaintiff signed Authorization for Release of Information Form was received by [defense] counsel.

---

[2]Bragg was permitted until February 1, 2014 to file an answer or responsive pleading. Doc. Ent. 16. On January 31, 2014, Bragg filed an answer. Doc. Ent. 22.

    4.    Full name of all the officers stationed on the floor in [WCJ] that Defendant Jomaine Bragg was stationed on November 28, 2009[.]

    5.    A copy of [WCJ Operating Procedure] for fights between inmate[]s.

    6.    A copy of [WCJ Operating Procedure] for inmate [assaulting] an Officer.

    7.    A copy of Officer's log[] for the station Defendant Jomaine Bragg was assigned on November 28, 2009[.]

DE 35 at 2.[3]

## C.    Discussion

Defendant Bragg has not opposed the instant motion. "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). "A response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1 (e)(2)(B). To date, Defendant Bragg has not filed a response to Plaintiff's November 4, 2014 motion for discovery (DE 35).

Still, the Court will deny plaintiff's discovery motion. First, it is questionable whether plaintiff's November 4, 2014 discovery motion (DE 35) is timely. As mentioned above, the discovery deadline was October 30, 2014, and it

---

[3] Also before the Court is Plaintiff's November 7, 2014 motion to appoint counsel (DE 36) and Braggs's November 25, 2014 motion to dismiss for failure to provide discovery (DE 37). These matters will be addressed under separate cover.

is not clear to this Court on which day Plaintiff relinquished his motion for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270-271 (1988).

Second, even if the motion had been timely filed, it does not appear that Plaintiff has complied with the service provisions of Fed. R. Civ. P. 33 ("Interrogatories to Parties") or Fed. R. Civ. P. 34 ("Producing Documents, Electronically Stored Information, and Tangible Things, or Entering Onto Land, for Inspection and Other Purposes").  In other words, it is not proper, as Plaintiff requests, to ask the Court "for Items to be provided by Defendant[,]" DE 35 at 1, unless and until Plaintiff can illustrate that he has complied with the Federal Rules of Civil Procedure, particularly those governing discovery.  *See* Fed. Rules Civ. P. 26-37.

**D.      Order**

Upon consideration, Plaintiff's motion for discovery (DE 35) is **DENIED**.

**IT IS SO ORDERED.**


Dated: January 30, 2015           s/ Anthony P. Patti
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE