UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEANDRE DAVIS (#697681),

|  | CASE NO. 2:11-CV-15262 |
|---|---|
| Plaintiff, | JUDGE ARTHUR J. TARNOW |
|  | MAGISTRATE JUDGE ANTHONY P. PATTI |

v.

JOMAINE BRAGG,[1]

Defendant,

_____/

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT BRAGG'S NOVEMBER 25, 2014 MOTION
TO DISMISS FOR FAILURE TO PROVIDE DISCOVERY (DE 37)**

**I.     RECOMMENDATION:** The Court should deny Defendant Bragg's

November 25, 2014 motion to dismiss for failure to provide discovery.  DE 37.  If

the Court agrees with this recommendation, then it should also enter an order

extending the deadlines for filing discovery motions and dispositive motions.

**II.    REPORT:**

**A.     Background**

LeAndre Davis (#697681) is currently incarcerated at the Michigan

Department of Corrections (MDOC) Chippewa Correctional Facility (URF) in

---

[1]Although the complaint describes Defendant as "Officer Braggs," it appears Defendant's
name is Jomaine Bragg.  *Compare* DE 1 at 1, DE 22 at 1.

Michigan's Upper Peninsula, where he is serving a sentence imposed on December 11, 2009 in Case No. 08-005742-01-FH (Wayne County). *See* www.michigan.gov/corrections, "Offender Search."

On November 30, 2011, while incarcerated at the MDOC's Earnest C. Brooks Correctional Facility (LRF), Davis filed the instant prisoner civil rights complaint, *pro se*, against Officer Bragg, who is described as a Wayne County Jail (WCJ) guard. DE 1. The facts underlying Plaintiff's complaint concern events which allegedly occurred while Davis was a pretrial detainee at WCJ. *See* DE 1 at 4-5.[2]

## B.    Discovery

By way of the Court's April 23, 2014 scheduling order (DE 26), the closing date for discovery was set for July 25, 2014 and the dispositive motion deadline was set for August 25, 2014. That same day, Defendant Bragg sought a thirty (30) day extension of these dates. DE 27. The motion was granted as unopposed, and the discovery deadline was extended to August 25, 2014, while the dispositive motion cut-off was extended to September 25, 2014. DE 31.

In the meantime, on May 23, 2014, Defendant Bragg filed a motion to compel Plaintiff to respond to Defendant's discovery requests. DE 29. By this

---

[2]Bragg was permitted until February 1, 2014 to file an answer or responsive pleading. DE 16. On January 31, 2014, Bragg filed an answer. DE 22.

motion, Defendant Bragg sought answers to the interrogatories served on February

5, 2014 (DE 29-2 at 3-18) and execution of authorizations for Plaintiff's MDOC

health information originally requested by way of a February 4, 2014 letter (DE

29-1 at 5-6, DE 29-3 at 3-4).[3]  Pursuant to the Court's June 10, 2014 order (DE

30), Plaintiff's response to this motion was due on or before July 25, 2014.

On September 10, 2014, the Court entered an order (DE 32) granting

Defendant Bragg's motion to compel (DE 29).  In particular, this order provided:

> *It is further ordered that plaintiff serve responses to defendant's discovery requests and signed authorizations within 21 days of the date of this Order.* Plaintiff is advised that failure to comply with this Order may result in the imposition of sanctions, up to and including dismissal of the action.  *See* FED. R. CIV. P. 37(b)(2).

DE 32 at 1 (emphasis added).  In other words, Plaintiff's responses and signed

authorizations were due on or about October 1, 2014.

On September 16, 2014, Defendant Bragg filed a motion (DE 33) for

extension of the discovery and dispositive motion filing deadlines due to the

upcoming October 1, 2014 deadline for Plaintiff to respond to discovery.  By way

of the Court's October 2, 2014 order (DE 34), the discovery deadline was extended

to October 30, 2014, and the dispositive motion deadline was extended to

November 30, 2014.

--------------------------------------------------------------------------

[3]Attached to this request were authorizations Plaintiff Davis had executed during 2010 for his records from Detroit Receiving Hospital and WCJ Health Services.  DE 29 at 3-4.

## C.     Instant Motion

Judge Tarnow referred this case to Magistrate Judge Komives for pretrial matters.  DE 18.  On January 13, 2015, this case was reassigned from Magistrate Judge Komives to me.

Currently before the Court is Defendant Bragg's November 25, 2014 motion to dismiss for failure to provide discovery.  DE 37.  Therein Defendant Bragg relies upon Fed. R. Civ. P. 37 ("Failure to Make Disclosures or to Cooperate in Discovery; Sanctions") and seeks dismissal with prejudice.[4]

## D.     Dismissal as a Sanction for Failure to Cooperate in Discovery

Defendant Bragg's motion is governed by Fed. R. Civ. P. 37(b), which concerns sanctions for the failure to comply with a court order.  With respect to not obeying a discovery order, Rule 37 provides:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

---

[4]Defendant Bragg served this motion upon Plaintiff at Chippewa Correctional Facility.  DE 37 at 10.

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. Civ. P. 37(b)(2)(A).

"When assessing the dismissal of a complaint as a sanction for discovery, this court considers four factors:

(1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Smith v. Nationwide Mut. Fire Ins. Co.*, 410 Fed.Appx. 891, 894 (6th Cir. 2010) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir.1997) (quoting *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-155 (6th Cir.1988))). "'Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct.'" *Smith*, 410

5

Fed.Appx. at 894-895 (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir.2002)).

"The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-643 (1976)). Dismissal of a case as a sanction is appropriate if plaintiff's failure to respond to discovery ordered by the court manifests "flagrant bad faith" and "callous disregard". *National Hockey League*, 427 U.S. at 643. However, "[d]ismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering and Manufacturing Company*, 15 F.3d 546, 551-552 (6th Cir. 1994) (citing *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985 (6th Cir. 1988)).

**E.      Discussion**

**1.      To be sure, Plaintiff has not opposed the instant motion.** "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). "A response to a dispositive

6

motion must be filed within 21 days after service of the motion." E.D. Mich. LR

7.1 (e)(1)(B). Thus, in the absence of a scheduling order stating otherwise,

Plaintiff's response to Defendant's November 25, 2014 motion to dismiss (DE 37)

would have been due on or about December 19, 2014. *See* Fed. R. Civ. P. 6(a),

6(d).

On December 2, 2014, this Court entered an order (DE 38) setting the

deadline for Plaintiff's response for January 16, 2015.[5] Still, to date, Plaintiff has

not filed a response to Defendant Bragg's November 25, 2014 motion to dismiss

(DE 37).[6]

**2.     However, it is not clear that Plaintiff failed to abide by the Court's**

**September 10, 2014 order.** As noted above, this order (DE 32) required Plaintiff

to serve responses to Defendant's discovery requests and signed authorizations

within 21 days of the date of the order, which would have been on or about

October 1, 2014.

Defendant Bragg's November 25, 2014 motion does not clarify whether

defense counsel ever received answers to Defendant Bragg's February 5, 2014

---

[5]The Court's December 2, 2014 order (DE 38) was served upon Plaintiff at Muskegon Correctional Facility.

[6]The only matter plaintiff has filed since the Court's December 2, 2014 scheduling order (DE 38) is a matter filed on December 9, 2014 which consists of three (3) MDOC Disbursement Authorizations (DE 39).

First Interrogatories (Nos. 1-13).  Moreover, Defendant Bragg's motion to dismiss (DE 37) admits that, on October 2, 2014, defense counsel received signed but un-notarized authorizations.  DE 37 at 2 ¶ 6.  Thus, Plaintiff Davis had to have mailed these authorizations by October 1, 2014.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) ("the notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.").  Additionally, these authorizations were fruitful; Defendant Bragg's motion to dismiss (DE 37) notes that, at Plaintiff's October 23, 2014 deposition, defense counsel had "what records had been made available by [Plaintiff's] MDOC record authorization."  DE 37 at 3 ¶ 9.

**3.      In addition, the Department of Veterans Affairs information that Defendant Bragg now seeks was not a subject of this Court's September 10, 2014 order, nor has it been the subject of a motion to compel**.  Among the issues Defendant Bragg raises in his November 25, 2014 motion to dismiss for failure to provide discovery is Plaintiff Davis's unwillingness to authorize release of his VA records.  *See* DE 37 at 4-5 ¶¶ 13, 18; *see also* DE 37-7 (Department of Veterans Affairs - Request for and Authorization to Release Medical Records or Health Information).

These records were not the subject of Defendant Bragg's May 23, 2014 motion to compel (DE 29), regarding which the Court entered its September 10, 2014 order (DE 32).  In fact, it seems that the issue of Plaintiff's VA records arose after defense counsel's receipt of Plaintiff's MDOC medical records.  As Defendant Bragg states in the instant motion:

> In the course of reviewing MDOC records, it was discovered that Plaintiff may have been discharged for mental health issues which could contribute to his anger issues and the issues he has respecting authority that he solely attributes to his interaction with Deputy Bragg.

DE 37 at 4 ¶ 16.  Access to these records was discussed during the October 23, 2014 deposition.  DE 37-6 at 24-25.

Thereafter, on November 11, 2014, defense counsel wrote to Plaintiff and provided him with a Department of Veterans Affairs authorization/release form. DE 37-3 at 2-3.  This letter warned of a motion to compel the disclosure of Plaintiff's veteran's affairs records.  The Court assumes that Plaintiff Davis never responded to defense counsel's November 11, 2014 letter.  Two (2) weeks later, what followed was Defendant Bragg's November 25, 2014 motion to dismiss (DE 37).

At this point, the VA records have yet to be the subject of a motion to compel.  Therefore, even if Defendant Bragg is entitled to such information pursuant to Fed. R. Civ. P. 26(b) ("Discovery Scope and Limits."), the Court

9

should not grant this motion to dismiss based upon Plaintiff Davis's October 23, 2014 deposition testimony that he would decline to sign a release for his VA information and Plaintiff's Davis's apparent failure to respond to defense counsel's November 11, 2014 letter.

**4.     In denying Defendant Bragg's motion to dismiss, this Court should admonish Plaintiff Davis for some of the discovery delay in this case.**  As mentioned above, the discovery requests which were the subject of Defendant Bragg's May 23, 2014 discovery motion (DE 29) were served during early February 2014.  *See* DE 29-1, DE 29-2.  Thereafter, defense counsel wrote to Plaintiff on March 10, 2014 (DE 37-3) and May 14, 2014 (DE 37-4), each time inquiring about interrogatory answers and authorizations.  After the May 23, 2014 motion (DE 29) was filed, defense counsel again wrote to Plaintiff on July 24, 2014 (DE 37-5), this time seeking authorizations for Plaintiff's MDOC medical records.  Of course, the Court ultimately entered its September 10, 2014 order (DE 32).

The Court shares defense counsel's frustration that she did not receive signed, albeit un-notarized, authorizations until October 2, 2014.  It may also have been frustrating to discuss access to the VA records with Plaintiff on October 23, 2014 at his deposition but to receive an answer which Defendant Bragg considers

evasive and/or incomplete Fed. R. Civ. P. 37(a)(4) ("Evasive or Incomplete
Disclosure, Answer, or Response."). *See* DE 37 at 4 ¶¶ 13-14. In addition, the
Court recognizes that, at the time Defendant Bragg filed his November 25, 2014
motion to dismiss (DE 37), the October 30, 2014 discovery deadline had passed
and the November 30, 2014 dispositive motion deadline was approaching. On this
note, Defendant Bragg points out, his "defense of this case has been jeopardized
without being given a full opportunity [for] discovery of preexisting, mitigating, or
other proximate causes for Plaintiff's institutional misbehavior." DE 37 at 5 ¶ 20.

Therefore, if the Court agrees with the foregoing recommendation that
Defendant Bragg's motion to dismiss for failure to provide discovery (DE 37)
should be denied, the Court should also advise Plaintiff of his obligations to
engage in discovery in accordance with the Fed. Rules Civ. P. 26-37 and reiterate
that any failure by Plaintiff to comply with this Court's order may result in the
imposition of sanctions, up to and including dismissal of the action. *See* Fed. R.
Civ. P. 37(b)(2)(v).

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and
Recommendation, but are required to file any objections within 14 days of service,
as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: January 30, 2015          s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE