UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEANDRE DAVIS,

        Plaintiff                        Case No. 2:11-cv-15262
                                         District Judge Arthur J. Tarnow
v.                                   Magistrate Judge Anthony P. Patti

JOMAIN BRAGG,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO COMPEL (DE 46)

This matter is before the Court for consideration of Defendant's motion to compel Veteran's Affairs ("VA") authorization for records, Michigan Department of Corrections ("MDOC") authorization for disclosure of health information, and responses to discovery requests. (DE 46.) Defendant filed his motion to compel on July 28, 2015. To date, Plaintiff has not filed a response. For the reasons that follow, Defendant's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff is a state prisoner proceeding without the assistance of counsel. He filed his complaint and application to proceed *in forma pauperis* on November 30, 2011, bringing claims under 42 U.S.C. § 1983 and alleging that Defendant violated his Eighth Amendment rights by assaulting him when he was a pre-trial detainee at

Wayne County Jail.  (DE 1.)  The Court granted Plaintiff's application on January 24, 2012.  (DE 6.)  Since then, the case has seen multiple delays, including four extensions to the Court's initial scheduling order.  Currently, the dispositive motion deadline is October 1, 2015.  (DE 48.)

In the instant motion, Defendant seeks an order requiring Plaintiff to authorize the release of his VA and MDOC records.  Defendant argues that such records are relevant because the information gleaned from the documents might bear on Plaintiff's potential issues with authority.  Specifically, Defendant learned that Plaintiff may have been discharged from the military for mental health and anger issues, which could bear on his perception or provocation of the interaction with Defendant.  Defendant sent VA and MDOC authorizations to Plaintiff on May 22, 2015, but he did not respond to the requests.  (DE 46 at 5.)  Further, during his deposition, Plaintiff stated that he would not turn over his VA records.  (DE 46-1 at 25.)  Defendant asks the Court to compel Plaintiff to respond to the discovery requests, and to impose sanctions pursuant to Fed. R. Civ. P. 37(b).

## II.    STANDARD

The Court has broad discretion to determine the scope of discovery.  *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998).  The Sixth Circuit has described the scope of discovery under the Federal Rules of Civil Procedure as "traditionally quite broad."  *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th

2

Cir. 1998).   Further, discovery is more liberal than even the trial setting, as Rule

26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the

discovery of admissible evidence."  *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*,

424 F.2d 499, 501 (6th Cir. 1970)).   Put another way, the court construes discovery

under Rule 26 to "broadly encompass any matter that bears on, or that reasonably

could lead to other matters that could bear on, any issue that is or may be in the

case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  However,

the court must also balance the "right to discovery with the need to prevent 'fishing

expeditions.'"  *Conti v. Am. Axle & Mfg., Inc.,* 326 F. App'x 900, 907 (6th Cir.

2009) (quoting *Bush,* 161 F.3d at 367).  Rule 37(a) allows a party to move for an

order compelling "an answer, designation, production, or inspection" if the

opposing party has failed to provide a discovery response.  Fed. R. Civ. P.

37(a)(3).

## III.   ANALYSIS

As a preliminary matter, Plaintiff has failed to file a response opposing

Defendant's motion, and his time to do so has passed.  Pursuant to the Local Rules,

"[a] respondent opposing a motion must file a response."  E.D. Mich. LR 7.1(c)(1).

The response "to a nondispositive motion must be filed within 14 days after service

of the motion."  E.D. Mich. LR 7.1(e)(2)(b). Thus, Plaintiff's response to

Defendant's motion to compel was due on or before August 11, 2015.  Even

allowing additional time for Plaintiff due to his status as an inmate, he has failed to file a response for more than 36 days.  "[I]f a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008); *see also Sabharwal v. Chase Mortg. Bank*, No. 11-13138, 2012 WL 1050021, at *2 (E.D. Mich. Mar. 7, 2012) *report and recommendation adopted Sabharwal v. Chase Home Fin., LLC*, No. 11-131318, 2012 WL 1049909 (E.D. Mich. Mar. 28, 2012) (applying *Humphrey* to a *pro se* Plaintiff).  Accordingly, Defendant's motion can and will be construed as unopposed.

Furthermore, the discovery Defendant seeks meets the broad standard of relevance outlined in Rule 26.  Specifically, Plaintiff describes in his complaint a physical altercation with a fellow inmate, followed by a physical altercation with Defendant.  Plaintiff asserts that, despite punching a fellow inmate in the face when the inmate entered the room minutes before, he was "calm" when Defendant punched him.  (DE 1 at 4.)  During his deposition, he stated that the incident with Defendant "intensified [his] distrust of authority."  (DE 46-1 at 19.)  Plaintiff further indicated during his deposition that he was honorably discharged from the military, but refused to provide records to substantiate the category of his discharge

or that he did not have an anger issue or trouble with authority while serving in the military. (DE 46-1 at 25.)

Defendant correctly asserts that information relating to Plaintiff's discharge from the military may reveal anger management issues or problems dealing with authority figures, which could bear directly on the events described in his complaint. Plaintiff provided evasive answers to questions about his discharge during his deposition, at one point even insisting to Defendant that his military records "would not be released." (DE 46-1 at 25); *see* Fed. R. Civ. P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). Defendant is entitled to discovery into this relevant matter in order to properly respond to the incidents described in Plaintiff's complaint. Accordingly, Defendant's motion to compel is **GRANTED**. Plaintiff shall produce his responses to Defendant's May 22, 2015 discovery requests and requested authorizations **ON OR BEFORE SEPTEMBER 22, 2015**.[1]

Finally, although I decline to impose sanctions or attorney's fees at this time, Plaintiff is cautioned that failure to comply with this order will result in a Report and Recommendation recommending that the Court impose sanctions, up to and including dismissal, pursuant to Fed. R. Civ. P. 37(b).

---

[1] The dispositive motion deadline in this action is October 1, 2015. If Defendant needs additional time in which to complete a dispositive motion after receiving the documents, the Court will consider a motion for a brief extension of the deadline upon a showing of good cause.

**IT IS SO ORDERED.**

Dated: September 8, 2015              s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on September 8, 2015, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Anthony P. Patti

6