UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEANDRE DAVIS (#697681),

                            CASE NO. 2:11-CV-15262
        Plaintiff,    JUDGE ARTHUR J. TARNOW
                            MAGISTRATE JUDGE ANTHONY P. PATTI

v.

JOMAINE BRAGG,[1]

        Defendant,
_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT BRAGG'S SEPTEMBER 29, 2015 MOTION FOR SANCTIONS (DE 50)**

**I.    RECOMMENDATION:** The Court should grant Defendant Bragg's September 29, 2015 motion for sanctions (DE 50) to the extent it seeks dismissal of Plaintiff's complaint, either, as Defendant argues, for Plaintiff's failure to comply with the Court's September 8, 2015 order (DE 49) granting Defendant's motion to compel (DE 46) or, *sua sponte*, for Plaintiff's failure to prosecute this case. Fed. R. Civ. P. 37(b)(2)(A)(v), Fed. R. Civ. P. 41(b).

**II.    REPORT:**

**A.    Background**

---

[1] Although the complaint describes Defendant as "Officer Braggs," it appears Defendant's name is Jomaine Bragg. *Compare* DE 1 at 1, DE 22 at 1.

On November 30, 2011, LeAndre Davis (#697681) filed the instant prisoner civil rights complaint, *pro se*, against "Officer Braggs," who is described as a County Jail Guard. (DE 1 at 1.)[2] The facts underlying Plaintiff's complaint concern events which allegedly occurred while Davis was a pretrial detainee at the Wayne County Jail ("WCJ"). *See* DE 1 at 4-5.

At the time he filed this lawsuit, Plaintiff was incarcerated at the MDOC's Earnest C. Brooks Correctional Facility (LRF). (DE 1; *see also* DEs 2, 5.) During March 2012, he notified the Court of his transfer to Ryan Correctional Facility. (DE 9.) In October 2012, Plaintiff informed the Court of his transfer to Muskegon Correctional Facility (MCF). (DEs 10 & 11.) In each of his most recent filings, all of which were made in 2014, Plaintiff indicated that he was incarcerated at the Chippewa Correctional Facility (URF). (DEs 35 at 1, 36 at 1 & 39 at 4). As a result of this, and after confirming the new address through "Offender Search" (www.michigan.gov/corrections), the Court's January 30, 2015 order directed the Clerk of the Court to change Plaintiff's address of record to URF and cautioned Plaintiff "that any further changes in his address or contact information should be communicated to the Court, in writing, by way of a 'Notice

---

[2] At the time he filed his complaint, Plaintiff was serving a sentence imposed on December 11, 2009 in Case No. 08-005742-01-FH (Wayne County). *See* www.michigan.gov/corrections, "Offender Search."

of Change in Address/Contact Information.'" (DE 43 at 2.) Nevertheless, as of the August 27, 2015 filing, Defendant began serving Plaintiff at the Bellamy Creek Correctional Facility (IBC), although Plaintiff failed to inform the Court of this apparent transfer. (DE 47 at 5, DE 50 at 3 ¶ 12; *see also* DE 50 at 8, DE 50-1.)

Approximately three months later, on January 7, 2016, Plaintiff was paroled from the Michigan Department of Corrections (MDOC). *See* www.michigan.gov/corrections, "Offender Search." He has never informed the Court of any of these more recent address or status changes, he has not responded to Defendant's last four motions (DEs 37, 46, 47 & 50), and his actual, current whereabouts are unknown. To date, his address of record remains URF.

**B.     Defendant's May 23, 2014 Discovery Motion**

By way of the Court's April 23, 2014 *original scheduling order* (DE 26), the closing date for discovery was set for July 25, 2014 and the dispositive motion deadline was set for August 25, 2014. That same day, Defendant Bragg sought a thirty (30) day extension of these dates. (DE 27.) The motion was granted as unopposed, and, in what amounted to a first amended scheduling order, the discovery deadline was extended to August 25, 2014, while the dispositive motion cut-off was extended to September 25, 2014. (DE 31.)

In the meantime, on May 23, 2014, Defendant Bragg filed a motion to compel Plaintiff to respond to Defendant's discovery requests, specifically authorizations and interrogatories served in February 2014. (DE 29 at 2 ¶¶ 1-2.) Pursuant to the Court's June 10, 2014 order, Plaintiff's response to this motion was due on or before July 25, 2014. (DE 30.) On September 10, 2014, the Court entered an order (DE 32) granting Defendant Bragg's motion to compel (DE 29). In particular, this order provided:

> *It is further ordered that plaintiff serve responses to defendant's discovery requests and signed authorizations within 21 days of the date of this Order*. Plaintiff is advised that failure to comply with this Order may result in the imposition of sanctions, up to and including dismissal of the action. *See* FED. R. CIV. P. 37(b)(2).

DE 32 at 1 (emphasis added). In other words, Plaintiff's responses and signed authorizations were due on or about October 1, 2014.

On September 16, 2014, Defendant Bragg filed a second motion (DE 33) for extension of the discovery and dispositive motion filing deadlines, this time due to the then-upcoming October 1, 2014 deadline for Plaintiff to respond to discovery. By way of the Court's October 2, 2014 order, essentially the second amended scheduling order, the discovery deadline was extended to October 30, 2014, and the dispositive motion deadline was extended to November 30, 2014. (DE 34.)

**C.   Defendant's November 25, 2014 Motion to Dismiss**

On November 25, 2014, Defendant filed a motion to dismiss for failure to provide discovery. (DE 37.) On January 30, 2015, I entered a report (DE 42) recommending that the Court deny Defendant Bragg's motion to dismiss for failure to provide discovery (DE 37) and extend the deadlines for filing discovery motions and dispositive motions. Among other things, I noted, "it is not clear that Plaintiff failed to abide by the Court's September 10, 2014 order." (DE 42 at 7-8.) However, I also stated: "In denying Defendant Bragg's motion to dismiss, this Court should admonish Plaintiff Davis for some of the discovery delay in this case." (DE 42 at 10-11.)

On March 30, 2015, Judge Tarnow entered an order (DE 44) adopting my report and recommendation (DE 42), denying Defendant's motion to dismiss (DE 37), and requiring the issuance of a third amended scheduling order, which was duly issued on April 1, 2015 and which reset the discovery deadline for August 1, 2015 and the dispositive motion deadline for September 1, 2015. (DE 45.)

D.   **Defendant's July 28, 2015 Discovery Motion**

On July 28, 2015, Defendant Bragg filed another motion to compel, this time regarding a May 22, 2015 request for authorizations regarding VA and MDOC records. (DE 46 at 3 ¶ 10, DE 46-2.) This motion was served upon Plaintiff at Chippewa Correctional Facility (URF). (DE 46 at 6.) As noted above, the

subsequent motion to extend the dispositive motion deadline was served upon Plaintiff at Bellamy Creek Correctional Facility (IBC). (DE 47 at 5.)

On September 1, 2015, I entered an order granting the motion to extend and extending the dispositive motion deadline to October 1, 2015. (DE 48.) On September 8, 2015, I entered an order granting the motion to compel, construing it as unopposed, and requiring Plaintiff to produce his responses to Defendant's May 22, 2015 discovery requests and requested authorizations on or before September 22, 2015. (DE 49.) Each of these orders was served upon Plaintiff at Chippewa Correctional Facility (URF), which is the last service address on file with this Court for Plaintiff.

**E.  Instant Motion**

Currently before the Court is Defendant's September 29, 2015 motion for sanctions. (DE 50.) Among other things, Defendant contends his "defense of this case has been jeopardized without being given a full opportunity to discovery of preexisting, mitigating, or other proximate causes for Plaintiff's institutional misbehavior." (DE 50 at 3 ¶ 11.)

On September 30, 2015, I entered an order setting the deadline for Plaintiff's response for November 16, 2015. (DE 51.) To date, Plaintiff has not filed a response.

**F. Dismissal as a Sanction for Failure to Cooperate in Discovery**

For the most part, Defendant Bragg's motion is governed by Fed. R. Civ. P. 37(b), which concerns sanctions for the failure to comply with a court order.[3] With respect to not obeying a discovery order, Rule 37 provides:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv)  staying further proceedings until the order is obeyed;
>
> (v)   *dismissing the action or proceeding in whole or in part*;
>
> (vi)  rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. Civ. P. 37(b)(2)(A) (emphasis added).

---

[3] Defendant also cites Fed. R. Civ. P. 16(b)(4)'s direction that "[a] schedule may be modified only for good cause and with the judge's consent." (*See* DE 50 at 6.) However, this relief is only sought as an alternative to dismissal. (DE 50 at 7.)

"When assessing the dismissal of a complaint as a sanction for discovery, this court considers four factors:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Smith v. Nationwide Mut. Fire Ins. Co.*, 410 F.App'x 891, 894 (6th Cir. 2010) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir.1997) (quoting *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-155 (6th Cir.1988))). "'Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct.'" *Smith*, 410 F.App'x at 894-895 (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir.2002)).

"The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-643 (1976)). Dismissal of a case as a sanction is appropriate if plaintiff's failure to respond to discovery ordered by the court manifests "flagrant bad faith" and "callous disregard". *National*

*Hockey League*, 427 U.S. at 643. However, "[d]ismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering and Manufacturing Company*, 15 F.3d 546, 551-552 (6th Cir. 1994) (citing *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985 (6th Cir. 1988)).

**G.     Discussion**

Consideration of the *Smith* factors weighs in Defendant's favor, as the answer to each of the four inquiries is, "Yes." **First,** it appears that Plaintiff's failure to cooperate in discovery is due to "willfulness, bad faith, or fault." As discussed more fully below, Defendant suspects and the Court acknowledges that Plaintiff's history may include mental health issues. (DE 50 at 3 ¶ 9.) Still, Plaintiff filed this case *in pro per* on November 30, 2011, and, subsequently, successfully filed several documents, culminating in the December 9, 2014 filing of disbursement authorizations. (DEs 1, 2, 5, 9, 10, 11, 35, 36 & 39.) Also, as I recognized in my January 30, 2015 report and recommendation, Plaintiff bore responsibility for some of the early discovery delay in this case. (DE 42 at 10-11.)

For more than fifteen (15) months, Plaintiff has not filed anything in this case. In essence, it appears that he has lost interest in and otherwise abandoned

his prosecution of this case. For example, of the nine matters filed by Plaintiff, only three are substantive in nature - the complaint (DE 1), the motion for discovery (DE 35) and the motion to appoint counsel (DE 36). The remaining six matters are either applications to proceed *in forma pauperis* (DEs 2, 5), notices of change of address/contact information (DEs 9, 10), a letter indicating Plaintiff's inability to contact Defendant (DE 11) or MDOC Disbursement Authorization Forms for prisoner expedited legal mail (DE 39). Also, of the twelve motions filed in this case, ten have been filed by Defendant. Two – the motions to (DE 35) and (DE 36) – were filed by Plaintiff; these were filed in November 2014, nearly 17 months ago. Relatedly, Plaintiff's most recent filing was his December 9, 2014 submission of MDOC Disbursement Authorizations (DE 39), nearly 16 months ago. Additionally, despite the Court's four orders requiring response (DEs 28, 30, 38, 51) to various motions (DEs 27, 29, 37 and 50), no responses have been filed in this case.[4] In fact, in at least two instances, the Court has either granted Defendant's motion as unopposed or construed it as unopposed. (*See* DEs 27, 31 and 46, 49.)

Plaintiff has failed to keep this Court apprised of his current address, despite having been given at least two warnings from the Court about changes of address.

---

[4] "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1).

(DE 4, DE 43 at 2.) Defendant's May 22, 2015 letter addressed to Plaintiff at Bellamy Creek Correctional (IBC) states, "it is important that you update your current address with the court." (DE 50-1.) Then, beginning with the August 27, 2015 filing, Defendant served matters filed in this case upon Plaintiff at Bellamy Creek Correctional Facility (IBC). (DE 47 at 5, DE 50 at 8.) Also, as indicated above, Plaintiff was paroled from the MDOC on January 7, 2016. Yet, his address of record remains Chippewa Correctional Facility (URF) and his true whereabouts are unknown. (*See* DE 39, 43.)

**Second**, Defendant Bragg will likely be prejudiced by Plaintiff's failure to cooperate in discovery. True, Defendant has received *some* discovery from Plaintiff. For example, Defendant Bragg's motion to dismiss admits that, on October 2, 2014, defense counsel received signed but un-notarized authorizations (DE 37 at 2 ¶ 6) and notes that, at Plaintiff's October 23, 2014 deposition, defense counsel had "what records had been made available by [Plaintiff's] MDOC record authorization[,]" (DE 37 at 3 ¶ 9). Relatedly, Defendant has provided the Court with the transcript of Plaintiff's deposition. (*See* DE 37-6.) Among other things, Plaintiff testified that he was honorably discharged. (DE 37-6 at 24 (p. 86).) He also testified about his unwillingness to authorize disclosure of his military record. (DE 37-6 at 24-25 (pp. 89-91). (*See also* DE 50 at 2 ¶¶ 4, 5.)

However, as Defendant Bragg noted on November 25, 2014, "[i]n the course of reviewing MDOC records, it was discovered that Plaintiff may have been discharged for mental health issues which could contribute to his anger issues and the issues he has respecting authority that he solely attributes to his interaction with Deputy Bragg[,]" and "Defendant's defense of this case has been jeopardized without being given a full opportunity to discovery of preexisting, mitigating, or other proximate causes for Plaintiff's institutional misbehavior." (DE 37 at 4-5 ¶¶ 16, 20.) Since Defendant made these submissions, the only matter Plaintiff has filed with the Court is a group of three MDOC Disbursement Authorizations, which appear to request postage to mail something from URF to Judge Tarnow, the Clerk of the Court and defense counsel. (DE 39 at 1-3.) Moreover, the attachments to the instant motion suggest that, on or about May 22, 2015, Defendant sent Plaintiff a Veteran's Affairs Authorization, an MDOC Authorization, and a new Discovery Request (DE 50-1.) Defendant's August 27, 2015 follow up letter mentions the overdue discovery request, the VA and MDOC Authorizations, and Defendant's July 28, 2015 motion to compel (DE 46), which was unopposed. (DE 50-2; *see also* DE 49.) Finally, in the instant, September 29, 2015 motion, Defendant similarly contends that "Plaintiff may have been discharged for mental health issues . . . ." and again states: "Defendant's defense of this case has been jeopardized without being given a full opportunity to

12

discovery of preexisting, mitigating, or other proximate causes for Plaintiff's institutional misbehavior." (DE 50 at 3 ¶¶ 9, 11.) Therefore, Defendant has at least twice – once on November 25, 2014 and once on September 29, 2015 – represented that the absence of further discovery will prejudice his ability to defend this case, and the veracity of this assertion is apparent.

**Third**, Plaintiff has been warned that failure to cooperate could lead to dismissal. My January 30, 2015 report and recommendation provided, in part:

> . . . if the Court agrees with the foregoing recommendation that Defendant Bragg's motion to dismiss for failure to provide discovery (DE 37) should be denied, the Court should also advise Plaintiff of his obligations to engage in discovery in accordance with the Fed. Rules Civ. P. 26-37 and reiterate that *any failure by Plaintiff to comply with this Court's order may result in the imposition of sanctions, up to and including dismissal of the action*. See Fed. R. Civ. P. 37(b)(2)(v).

(DE 42 at 11 (emphasis added).) The Court adopted this report and recommendation on March 30, 2015. (DE 44.) Furthermore, my September 8, 2015 order, which required production of certain items on or before September 22, 2015, cautioned Plaintiff that "failure to comply with this order will result in a Report and Recommendation recommending that the Court impose sanctions, up to and including dismissal, pursuant to Fed. R. Civ. P. 37(b)." (DE 49 at 5.) Plaintiff's reported failure to comply with that order is the basis for the instant motion for sanctions.

**Fourth**, less drastic sanctions have previously been imposed or considered. Defendant has filed three motions to extend the discovery and/or dispositive motion deadlines. (DEs 27, 33 & 47.) The Court has granted these motions in an effort to gain Plaintiff's compliance; in so doing, the discovery deadline has been extended twice and the dispositive motion deadline has been extended three times. (DEs 31, 34 & 48.)

In sum, each of the factors set forth in *Smith,* 410 F.App'x at 894, has been met. Thus, dismissal of Plaintiff's complaint as a discovery sanction is warranted, either for Plaintiff's failure to comply with the Court's September 8, 2015 order granting Defendant's motion to compel or for Plaintiff's failure to prosecute this case. Fed. R. Civ. P. 37(b)(2)(A)(v), Fed. R. Civ. P. 41(b).[5]

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.

---

[5] The instant motion is not based upon Fed. R. Civ. P. 41(b), which concerns involuntary dismissals. However, "Rule 41(b) recognizes the power of the district court to enter a sua sponte order of dismissal." *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Link v. Wabash R.R.,* 370 U.S. 626, 630 (1962)). Moreover, the factors to consider for dismissal under Fed. R. Civ. P. 37(b)(2)(A)(v) or Fed. R. Civ. P. 41(b) are similar. *Rogers v. City of Warren*, 302 F.App'x 371, 376 n.6 (6th Cir. 2008).

*Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 31, 2016　　　　　s/Anthony P. Patti
　　　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 31, 2016, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager to the
Honorable Anthony P. Patti
